The Honorable Samuel J. Steiner
Chapter 15
Hearing Date: Friday, July 9, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle – Room 8206
Response Date: Friday, July 2, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

BIG NEVADA, INC., *et al.*,

     Debtors in a Foreign Proceeding.

Case No. 09-13569 (SJS)

(Jointly Administered)

ORDER AUTHORIZING
DISTRIBUTION OF PROCEEDS OF
SALE

THIS MATTER comes before the Court on the motion filed by Grant Thornton

Limited, as receiver and foreign representative (the "Receiver"), for an Order Authorizing the

Distribution of Proceeds of Sale (the "Distribution Motion"). In the Distribution Motion, the

Receiver seeks authorization, among other things, to distribute the proceeds of the sale of the

assets of 15 subsidiaries (the "Washington Subsidiaries") of Washington Gaming, Inc.

("Washington Gaming") to secured creditors in order of their priority, notwithstanding that

proceeds will not be available to pay the claims of certain creditors, including, without

limitation, the United States Internal Revenue Service and other creditors of the Washington

Subsidiaries. The Court has considered the Distribution Motion, the declarations of Jeff Slahor,

ORDER AUTHORIZING DISTRIBUTION
OF PROCEEDS OF SALE - 1
DWT 14687406v5 0090149-000001
(09-13569)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

filed on June 16, 2009 (Case No. 09-13567, Docket No. 80), Constantine Dakolias, filed on April 16, 2009 (Docket No. 20), Mark Wentzell, filed on April 22, 2010 (Docket No. 30), Constantine Dakolias, filed on April 23, 2010 (Docket No. 31), and Mark Wentzell, filed on May 26, 2010 (Docket No. 75), and all other papers filed in support of or opposition to the Distribution Motion, and has reviewed and considered the files and records herein and in the former lead case for these jointly administered cases (case no. 09-13567), and has found that notice of the motion and the relief requested therein is good and sufficient.

BASED on the foregoing, and good cause having been shown, the Court orders as follows:

1. All objections to the Distribution Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied.

2. Pursuant to sections 105, 502, 503, 506, 507, and 1521(b) of the Bankruptcy Code, the Distribution Motion is granted.

3. The Receiver is hereby authorized to and shall distribute the cash proceeds of the sale of the assets of the Washington Subsidiaries to creditors in the following order of priority:

(a) Payment of any unpaid expenses of the Receiver incurred through closing of the receivership estates that are subject to the Receiver's charge in an amount to be determined by Fortress and the Receiver, *provided*, *however*, that nothing in this order shall be deemed to modify any prior order of this Court or the Supreme Court of British Columbia, Canada, with respect to the Receiver's charge or the engagement letter between Fortress and the Receiver, and *provided further* that the Receiver shall be entitled to seek Court approval to pay any expense to which Fortress objects.

(b) Claims by state and local taxing authorities for personal property taxes secured by statutory liens on tangible personal property of any Washington Subsidiary with

ORDER AUTHORIZING DISTRIBUTION
OF PROCEEDS OF SALE - 2
DWT 14687406v5 0090149-000001
(09-13569)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    priority over the liens and security interests of Fortress Credit Corporation, Fortress Credit

2    Opportunities I LP, and Fortress Credit Funding II LP (collectively, "Fortress").

3            (c)      Claims of Fortress secured by security interests in real and personal

4    property of the Washington Subsidiaries (subject to a reserve in an amount to be determined by

5    Fortress and the Receiver to cover post-closing expenses and expenses of closing the

6    receivership estate).

7        4.    The Receiver has no obligation to pay the claims of creditors who are not

8    receiving a distribution, including, without limitation, the United States Internal Revenue

9    Service on account of claims for federal income taxes, and pre-receivership unsecured creditors

10   of the Washington Subsidiaries.

11       5.    If any proceeds of sale remain after paying claims identified in paragraph 3, the

12   Receiver shall notify the Court and seek an order directing the disposition of those proceeds.

13       6.    The Receiver will incur no personal liability or obligation as a result of its

14   appointment or the carrying out of the provisions of this order, save and except for any gross

15   negligence or willful misconduct on its part.  In particular, and without limiting the generality

16   of the foregoing, the Receiver will incur no personal liability or obligation for any taxes that are

17   or may become payable to the United States of America in connection with Washington

18   Gaming, the Washington Subsidiaries, the receivership, or the sale, including, without

19   limitation, federal income taxes associated with the sale of the assets of the Washington

20   Subsidiaries and distribution of the proceeds to the entities identified in paragraph 3.  Nothing

21   in this order derogates from the protections afforded the Receiver by sections 306 and 1510 of

22   the Bankruptcy Code or any other applicable law.

23

24

25

26

27   ORDER AUTHORIZING DISTRIBUTION
     OF PROCEEDS OF SALE - 3
     DWT 14687406v5 0090149-000001
     (09-13569)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    7.    The provisions of this order are effective immediately, notwithstanding any law

2 or rule that would otherwise stay the effectiveness of this order.

3

4    DATED this _____ day of July, 2010.

5

6    _____

     **United States Bankruptcy Judge**
7    (Dated as of Entered on Docket date above)

8 Presented by:

9 Davis Wright Tremaine LLP
  Attorneys for Grant Thornton Limited, as
10    Receiver and Foreign Representative
   of the Washington Subsidiaries
11

12

13 By ____/s/ Hugh R. McCullough_____
      Ragan L. Powers, WSBA #11935
14    C. Keith Allred, WSBA #6566
      Hugh R. McCullough, WSBA #41435
15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER AUTHORIZING DISTRIBUTION
OF PROCEEDS OF SALE - 4
DWT 14687406v5 0090149-000001
(09-13569)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700